## PEET v. KIMBALL et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

Costs—Extra Allowance.
    Plaintiff obtained a preliminary injunction to restrain the assignment of certain contracts. Defendants appeared to oppose a motion to continue the injunction, which was denied because defendants had parted with the contracts before the suit was brought, and plaintiff could do nothing but discontinue. *Held* that, the plaintiff being subject to possible liability on his injunction bond, it was improper to require him to pay an extra allowance, in addition to costs and such liability, as a condition for leave to discontinue.

Appeal from special term, New York county.

Action by Frank M. Peet against William F. Kimball and others. From an order permitting plaintiff to discontinue only upon payment of costs and an extra allowance, he appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph Kling, for appellant.
Origen S. Seymour, for respondents.

O'BRIEN, J. The plaintiff sought by this action to restrain the assignment of certain contracts for the supply of quantities of emery stone from Turkey, which the defendants Kimball controlled, to the defendant Thompson, or any party other than to the International Emery & Corundum Company; to compel the defendant Thompson to assign to such corporation the contracts mentioned; and to enjoin the defendants from receiving and disposing of any emery ore under the said contracts. The action rests upon an alleged agreement made September 8, 1900, between the plaintiff and the defendants Kimball, by which an option controlled by the former for the purchase of property of the Hampden Emery & Corundum Company, and the interests which the Kimballs controlled in the "Turkish contracts," were to inure to the benefit of a new corporation, to be known as the "International Emery & Corundum Company"; and it is alleged that although the plaintiff has performed his part of the agreement, and the corporation has been formed, the defendants Kimball have refused to turn over the contracts, the possession of which is essential to the success of the new company, and claim that they have assigned the said contracts to the defendant Thompson. Any such assignment, the plaintiff avers, was with notice of the interests of the International Emery & Corundum Company, and without consideration. The plaintiff obtained an order restraining the defendants from assigning or in any way dealing with the contracts mentioned until the further order of the court, and the pleadings and affidavits were then presented upon plaintiff's motion to continue the injunction. That motion was denied, and the plaintiff then moved for leave to discontinue the action upon payment of taxable costs and disbursements, and it was ordered that this motion be granted upon condition that the plaintiff pay costs and disbursements, "including an extra allowance   *   *   *

of $500 apiece" to the defendants Alton H. Kimball and Percy Thomp-
son.

It is doubtful, considering the subject-matter involved in the action,
and the interests of the defendants in the contracts which the plaintiff
sought to have transferred to the new company, whether there was a
sufficient basis for the granting of the allowance. Apart from that
question, however, we think, upon the facts appearing, that this is
not a case in which an extra allowance could have been granted. The
plaintiff, as stated, obtained an injunction and gave the usual under-
taking; and all the trouble or expense to which the defendants were
put was in appearing and opposing the motion to continue the injunc-
tion. That motion having been denied because it was demonstrated
that the plaintiff could not get the relief which he sought in this action,
for the reason that the defendants had parted with the contracts,
there was nothing for him to do but to discontinue. Upon his mak-
ing the motion for that purpose, all that should have been imposed
upon him as a condition was the payment of the taxable costs, leaving
the question of whether any damages were suffered by the granting
of the original injunction, and the compensation which should be
given by reason thereof, to be determined upon the proceedings to
fix his liability upon the undertaking. We think that subjecting the
plaintiff to a possible liability upon the undertaking, as condition for
leave to discontinue, and, in addition, granting to defendants an extra
allowance of $1,000, were terms more severe and onerous than the
facts justified.

The order appealed from should therefore be modified by striking
out the provision for extra allowance, and as so modified affirmed,
without costs. All concur.